THE LAW OFFICES OF
FREDERICK K. BREWINGTON
*Attorneys and Counselors at Law*
556 Peninsula Blvd., Hempstead, New York 11550
Phone: 516-489-6959 • Fax: 516-489-6958 •
www.brewingtonlaw.com

Frederick K. Brewington
Albert D. Manuel III
Cobia M. Powell
Lorraine R. Bishop

Of Counsel
Jay D. Umans

August 24, 2026

**Via Electronic Case Filing**
Hon. Steven I. Locke
United States Magistrate Judge
United States District Court
100 Federal Plaza
Central Islip, New York 11710

Re: Campbell v. County of Nassau et al.
23-cv-1058 (JS)(SIL)

Dear Judge Locke,

As the record reflects, we, along with The Law Office of Robert Danzi, are the attorneys representing Plaintiff Michael Campbell on behalf of James Campbell, deceased, in the above referenced matter. We respectfully write regarding the Court's Order of August 5, 2026 requiring the parties submit an *ex parte* settlement position letter no longer than three (3) pages in length.

As this Court is aware, this matter involves the death of 57 year old James Campbell on November 10, 2021 after being incarcerated on October 29, 2021. Mr. Campbell spent 12 days in the care and custody of the County of Nassau, Nassau University Medical Center, Nassau Health Care Corp., and the Nassau County Department of Corrections a.k.a. the Nassau County Sheriff's Department under circumstances involving the lack of care to his medical condition(s) which caused Mr. Campbell's death from gastrointestinal hemorrhage due to penetrating chronic peptic ulcer. This is a complex case involving testimony and evidence from medical experts, medical prison experts, medical examiner's reports, numerous medical personnel and prison officials. In addition to the medical claims, there are Constitutional violations encompassing the 14th Amendment and Section 1983 Municipal Liability which must be carefully considered. Of particular note is the Municipal liability as Nassau County has a history of failing to provide adeqate and proper medical care to persons in their contro; and custody. We provide instances within our letter for the Court's convenience.

In order to effectively and efficiently provide the details in this matter regarding Plaintiff's position prior to our conference with the Court, we respectfully request an increase in the number

of pages permitted for Plaintiff's settlement demand from three (3) to twelve (12) pages. While Plaintiff will not attach exhibits to the settlement letter, any additionalsupporting documents will be provided by Plaintiff and brought to the confernece on August 26, 2026.

We thank the Court for its kind consideration in this matter.

Respectfully submitted,

By: *Albert D. Manuel*

ALBERT D. MANUEL III

cc: all parties via ECF